UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    Case No. 25-cr-20205
v.                                 Honorable Linda V. Parker

EFRAIN HERRERA-MEJIA,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS (ECF NOS. 20, 24)

A federal grand jury indicted Defendant Efrain Herrera-Mejia with one count of unlawful re-entry into the United States in violation of 8 U.S.C. § 1326(a). Presently before the Court are Mr. Herrera-Mejia's motions to dismiss the Indictment with prejudice. (ECF Nos. 20, 24.)

The motions have been fully briefed. Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispending with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I.    Factual & Procedural Background

Mr. Herrera-Mejia is a Mexican native and citizen. (ECF No. 1 at PageID.2 ¶ 3.) Prior to this case, Mr. Herrera was voluntarily removed from the United States on three occasions: June 30, 2000, July 1, 2000, and January 18, 2005.

(ECF No. 1; ECF No. 25 at PageID.80.)  Then, after unlawfully re-entering the United States, Mr. Herrera-Mejia was ordered removed on July 29, 2009.  (ECF No. 1 at PageID.3 ¶ 10.)  Subsequently, Mr. Herrera-Mejia again returned to the United States at least two times, resulting in two unlawful re-entry convictions on April 2, 2010 and October 7, 2014.  (*Id*. ¶¶ 12-16.)  After each conviction, Mr. Herrera-Mejia was removed from the United States.  (*Id*. at PageID.4 ¶ 17.)

Sometime before March 11, 2025, Mr. Herrera-Mejia again entered the United States without permission; and on that date, he was arrested and taken into federal custody.  (ECF No. 24 at PageID.80; ECF No. 20 at PageID.44.)  On March 14, a Criminal Complaint charging him with unlawful reentry was filed.  (ECF No. 1 at PageID.1; No. 20 at PageID.44.)  He was arraigned and released on bond on March 20.  Upon his release, U.S. Immigration Customs Enforcement ("ICE") detained Mr. Herrera-Mejia.  (ECF No. 24 at PageID.73.)

On April 1, 2025, a federal grand jury issued the Indictment in this matter, charging Mr. Herrera-Mejia with unlawful re-entry in violation of  8 U.S.C. § 1326(a).  (EFC No. 17 at PageID.35.)  The same day, ICE deported Mr. Herrera-Mejia.  (ECF No. 24 at PageID.74.).  Due to his removal, the Government filed a "notice" on April 8, 2025, stating that the case "should be held in abeyance until the defendant becomes available," due to "the unavailability of the defendant, and the number of times the defendant has been removed previously."  (ECF No. 18.)

Mr. Herrera-Mejia filed a motion to dismiss the Indictment, arguing that the Government abandoned prosecution, violated his Fifth and Sixth Amendment rights by removing him during the pendency of the prosecution, and that no other lesser remedies exist.  (ECF No. 20.).  On April 28, 2025, the Government filed a response, arguing that Mr. Herrera-Mejia's deportation was constitutional and prosecution had not been abandoned.  (ECF No. 22 at PageID. 56-60.)  Still, if Mr. Herrera-Mejia's motion to dismiss was granted, the Government argued the dismissal should be without prejudice.  (ECF No. 22 at PageID.61.)  Mr. Herrera-Mejia filed a reply on April 30, 2025. (ECF No. 23.)

On August 7, 2025, Mr. Herrera-Mejia filed a second motion to dismiss, arguing that continued delay violates his right to a speedy trial and warrants dismissal with prejudice.  (ECF No. 24.)  On August 29, 2025, the Government responded, arguing that Mr. Herrera-Mejia's speedy trial clock had not expired, no violation of his right to a speedy trial occurred, and any dismissal should be without prejudice.  (ECF No. 25.)  Mr. Herrera-Mejia replied on September 3, 2025.  (ECF No. 26.)  Additionally, Mr. Herrera-Mejia and the Government filed notices of supplemental authority.  (ECF Nos. 27, 28, 29.)

## II.    Parties' Arguments

Mr. Herrera-Mejia argues that the Indictment should be dismissed with prejudice because an indefinite abeyance of these criminal proceedings violates his

Fifth and Sixth Amendment rights.  (ECF No. 20 at PageID.42.)  Further, Mr. Herrera-Mejia contends that the Government's decision to remove him amid the criminal prosecution is effectively an abandonment of the prosecution and violates his speedy-trial rights.  (ECF No. 20 at PageID.43 ¶3; ECF No. 24 at PageID.71.)  Accordingly, Mr. Herrera-Mejia seeks dismissal of the case, with prejudice.  (ECF No. 24 at PageID.71.)

The Government opposes dismissal, arguing that deporting Mr. Herrera-Mejia during this prosecution did not violate his constitutional rights.  (ECF No. 22 at PageID.53.)  The Government further argues that holding the prosecution in abeyance will not be prejudicial or detrimental to Mr. Herrera-Mejia, as "unlawful reentry cases, are often easily proven."  (ECF No. 25 at PageID.88.)  According to the Government, Mr. Herrera-Mejia's case is "simple, straightforward, and the passage of time will not seriously prejudice him in any way."  (*Id*.)  Even if the Court does dismiss the case, the Government submits any dismissal should be without prejudice.  (ECF No. 25 at PageID.82.)

## II.     Applicable Law and Analysis

### A.     Speedy Trial

The Sixth Amendment guarantees, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"  U.S. Const. amend. VI.  In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a

four-part inquiry to determine whether a defendant's constitutional right to a speedy trial has been violated.  Under *Barker*, courts must balance the following factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *United States v. Young*, 657 F.3d 408, 413 (6th Cir. 2011) (citing *Barker*, 407 U.S. at 522).  "No one factor is dispositive.  Rather, they are related factors that must be considered together with any other relevant circumstances." *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017) (citing *Barker*, 407 U.S. at 533).

First, the judicial examination of a speedy trial violation considers whether the delay crosses the line dividing the "ordinary" from the "presumptively prejudicial." *Miles v. Jordan*, 988 F.3d 916, 925 (6th Cir. 2021) (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)).  While "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria," it is part of the analysis and "increases with the length of the delay." *Barker*, 407 U.S. at 656.  Although the Supreme Court has not drawn a clear line, it has noted, "postaccusation delay [is] 'presumptively prejudicial' at least as it approaches one year." *Doggett*, 505 U.S. at 652 n.1, 658.

The speedy trial right attaches when a defendant is indicted or arrested, whichever occurs earlier. *See Betterman v. Montana*, 578 U.S. 437, 441 (2016) (citing *United States v. Marion*, 404 U.S. 307, 320-21 (1971)); *see also* Fed. R.

Crim. P. 48(b) (providing that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."). Mr. Herrera-Mejia was arrested on March 11, 2025.  (ECF No. 20 at Page.42.) Unless Mr. Herrera-Mejia returns to the United States and is subsequently arrested, the delay in this case "extends indefinitely into the future." *United States v. Meza Pascual*, No. 1:19-CR-44, 2019 WL 3414390, at *2 (E.D. Tenn. July 29, 2019).  In any event, at this point, there is more than a one-year delay since his arrest and any trial.  Therefore, the Court finds the delay to be presumptively prejudicial, weighing in favor of Mr. Herrera-Mejia.

Second, the Court must consider "whether the [G]overnment or [Mr. Herrera-Mejia] is more to blame for th[e] delay." *Doggett*, 505 U.S. at 651.  If the government deliberately attempts to delay trial to gain a tactical advantage or harass the defendant, that weighs heavily against the government.  *Barker*, 407 U.S. at 531, 538 n. 32.  Meanwhile, more neutral reasons, like negligence or overcrowding, are "weighted less heavily," and "a valid reason, such as a missing witness" weigh in favor of the government.  *Barker*, 407 U.S. at 531.

Here, there was a pending order of removal for Mr. Herrera-Mejia, based on his previous unauthorized entry into the United States.  (ECF No. 25 at PageID.81.)  The Sixth Circuit has held that it is lawful for the government to

deport noncitizens subject to a removal order.  *United States v. Veloz-Alonso*, 910

F.3d 266, 270 (6th Cir. 2018).  Additionally, the United States must reinstate prior

removal orders when a noncitizen illegally reenters the country.  *Id*. at 269; *see*

*also* 8 U.S.C. § 1231(a)(5).  The Government was not only allowed to remove Mr.

Herrera-Mejia, the law required it to do so.

Nevertheless, the Government does not argue that it had to execute the

removal order before these criminal proceedings were complete.  By not waiting,

the Government prioritized Mr. Herrera-Mejia's removal over his criminal

prosecution.  *Pascual*, 2019 WL 3414390, at *2; Order Denying Motion to Hold

Case in Abeyance, *United States v. Angelica Yadira Pasillas-Garcia*, No. 25-

20471 (E.D. Mich. Jan. 14, 2026), ECF No. 24.  The Government's argument that

Mr. Herrera-Mejia "did not object to his removal is 'irrelevant to the analysis of

whether the criminal charges should be dismissed.'"  *United States v. Galvan-*

*Orea*, 766 F.Supp.3d 740, 746 (E.D. Mich. 2024) (citing *United States v. Ferreira-*

*Chavez*, No. 1:20-CR-00145-BLW, 2021 WL 602822, at *3 (D. Idaho Feb. 12,

2021).  Accordingly, the Court finds that this factor weighs in favor of Mr.

Herrera-Mejia.

Third, the Court evaluates whether Mr. Herrera-Mejia asserted his speedy

trial rights.  *Barker*, 407 U.S. at 530.  He did.  (ECF No. 24 at PageID.71.)  Also,

the Government concedes, and the Court agrees, this third factor weighs in Mr. Herrera-Mejia's favor. (ECF No. 25 at PageID.88.)

Fourth, prejudice to Mr. Herrera-Mejia "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *United States v. Ferreira*, 665 F.3d 701, 706 (6th Cir. 2011) (quoting *Barker*, 407 U.S. at 532). The purpose of speedy trial rights includes: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused, and (iii) to limit the possibility that the defense will be impaired." *Id*. The last interest is the most serious because "the inability of a defendant [to] adequately . . . prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

Mr. Herrera-Mejia asserts that he will suffer prejudice due to the continued delay because "the Government's decision to remove him, while at the same time choosing to maintain his criminal prosecution in the United States, offends his basic constitutional rights." (ECF No. 20 at PageID.47.) Mr. Herrera-Mejia also argues that removal violates his right to counsel as guaranteed by the Sixth Amendment and his ability to consult with counsel, review the government's evidence against him, and prepare a defense to the charge. (ECF No. 20 at

PageID.48.)  Therefore, he claims both his Fifth Amendment right to due process and Sixth Amendment right to counsel have been violated. [1]  (*Id.*)

The Government insists that "there will be very little prejudice from the delay" because "unlawful reentry cases are often easily proven" and "the passage of time will not seriously prejudice Mr. Herrera-Mejia in any way."  (ECF No. 25 at PageID.88.)  Despite Mr. Herrera-Mejia's relocation back to Mexico, the Government claims this does not prevent him from communicating with his attorney.  (ECF No. 25 at PageID.89.).  The Government offers two suggestions: (1) Mr. Herrera-Mejia can "call, write, email, or video conference his attorney" or (2) he can "apply for admission to the United States and otherwise work with his attorney to obtain lawful status in the United States."  (*Id.*)  The Government argues that, given the lack of any opposing explanation, Mr. Herrera-Mejia is able to communicate with his attorney.

As to the Government's first argument, Mr. Herrera- Mejia has not provided great detail about how his removal interferes with his right to counsel.  However, the circumstances of this case make it clear that Mr. Herrera-Mejia's relocation to Mexico, thousands of miles away from his counsel, presents obvious challenges to their trial preparation. *United States v. Galvan-Orea*, 766 F.Supp.3d 740, 746 n.1

---

[1] Mr. Herrera-Mejia raises several arguments under the Fifth and Sixth Amendment, however, because the Court is granting dismissal under the Speedy Trial Act, the Court will not address these arguments.

(E.D. Mich. 2024). As to the Government's second argument, given Mr. Herrera-Mejia's history of removal, any chance of the Government allowing him to lawfully reenter the United States is unrealistic. *See* 8 U.S.C. § 1182(a)(9)(A)(ii) (providing that noncitizens seeking admission to the United States who have been previously removed for a second time within 20 years are inadmissible). The Court finds that Mr. Herrera-Mejia's defense will be limited by the delay of trial, and his removal by the Government impairs his ability to meaningfully communicate with counsel and prepare a defense. *Galvan-Orea*, 766 F.Supp.3d at 746. Therefore, the delay of trial and removal are substantially prejudicial to Mr. Herrera-Mejia and the fourth *Barker* factor weighs in his favor.

After weighing the factors set forth above, the Court finds that the Government has deprived Mr. Herrera-Mejia of his right to a speedy trial.

### B. Appropriate Remedy

The Court must also determine whether dismissal should be with or without prejudice. The Speedy Trial Act evinces "no preference for one type of dismissal over the other." *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999) (citing *United States v. Taylor*, 487 U.S. 326, 335 (1988)). To determine whether dismissal should be with or without prejudice, the Speedy Trial Act directs courts to consider at least these factors: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a

reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

First, the seriousness of the offense is primarily determined "by comparing it to other crimes," a formula is not required "to label an offense 'serious' or 'not serious.'" *Pascual*, 2019 WL 3414390, at *2 (citing *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994)). District judges within the Sixth Circuit have held that illegal re-entry is not a serious offense in the absence of aggravating factors. *See, e.g.*, *Pascual*, 2019 WL 3414390, at *2; *United States v. Flores-Escobar*, No. 2:21-CR-0116, 2021 WL 3022987, at *4 (S.D. Ohio July 16, 2021); *United States v. Franco-Bonilla*, No. 3:05-00101, 2005 WL 3116058, at *4 (M.D. Tenn. November 17, 2005). Additionally, illegal re-entry is a non-violent crime and there is no mandatory minimum prison sentence. *Flores-Escobar*, 2021 WL 3022987, at *4 (citing *Franco-Bonilla*, 2005 WL 3116058, at *4; 8 U.S.C. § 1326(a)). Because Mr. Herrera-Mejia's offense is less serious than most other federal offenses and no aggravating factors apply in this case, this factor weighs in favor of dismissal with prejudice.

Second, this Court must consider the facts and circumstances which led to the dismissal. Because Mr. Herrera-Mejia was lawfully removed, the Court finds that the Government did not engage in misconduct. Still, the Government chose to remove Mr. Herrera-Mejia from the United States before completing its

prosecution of the allegations against him.  (ECF No. 18.)  Then, the Government suggested that the case should be held in indefinite abeyance—without actually moving to stay the case or citing any statute, case, or other authority in support of an indefinite stay.  (ECF No. 18; ECF No. 22.)

There is no justification for an indefinite stay.  Further, Mr. Herrera-Mejia's removal has had "an adverse effect upon the effectiveness of counsel's representation."  *United States v. Morrison*, 449 U.S. 361, 366 (1981).  The Government's "decision to prioritize" Mr. Herrera-Mejia's "deportation over his criminal prosecution is the sole reason that [he] is not present to proceed with the prompt trial to which he is entitled."  *Meza Pascual*, 2019 WL 3414390, at *2.  Accordingly, this factor weighs in favor of dismissal with prejudice.

Third, the Court must evaluate the impact of a reprosecution on the administration of justice.  "This factor requires the district court to consider whether the delay has prejudiced the defendant[] and whether dismissal with prejudice is warranted to ensure future compliance with the [Speedy Trial] Act."  *United States v. Kottmyer*, 961 F.2d 569, 573 (6th Cir. 1992).  The most important considerations in evaluating this third factor are "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance."

*United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004) (quoting *United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000)).

Where the Government has chosen to deport a defendant and obstruct his ability to stand trial, dismissing the indictment without prejudice "would disincentivize compliance with the Speedy Trial Act and encourage violation of it with impunity." *United States v. Pascual*, 2019 WL 3414390, at *2. The Court finds Mr. Herrera-Mejia has suffered actual prejudice resulting from his removal and a dismissal with prejudice is appropriate to ensure compliance with the Speedy Trial Act.

Accordingly,

**IT IS ORDERED** that Mr. Herrera-Mejia's motions to dismiss (ECF Nos. 20, 24) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Indictment (ECF No. 17) is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 22, 2026